UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| Terisa Jones, *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Exeter Finance LLC, <br><br> Defendant. | Case No. 3:19-cv-259 |

## CLASS ACTION COMPLAINT

### Nature of this Action

1. Terisa Jones ("Plaintiff") brings this class action against Exeter Finance LLC ("Defendant"), under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or an artificial or prerecorded voice, to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed or artificial or prerecorded voice calls to cellular telephone numbers after being instructed not to do so.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a significant portion of the transactions giving rise to this action occurred in Campbell County, Tennessee.

1
Case 3:19-cv-00259-TAV-HBG   Document 1   Filed 07/10/19   Page 1 of 10   PageID #: 1

## Parties

5. Plaintiff is a natural person who at all relevant times resided in Jacksboro, Tennessee.

6. Defendant is a company based in Irvine, Texas, which provides financing for used automobiles.

## Factual Allegations

7. On December 22, 2018, Brenda Wilson, on behalf of Plaintiff, purchased a 2016 Dodge Caravan from Short-Redmond Ford.

8. Ms. Wilson financed the purchase of the Caravan.

9. The balance Ms. Wilson financed for the purchase of the Caravan was $21,343.99.

10. The annual percentage rate to which Ms. Wilson agreed to pay on the balance for the purchase of the Caravan was 25.74%.

11. Plaintiff's email address was listed on the Customer Agreement with Short-Redmond Ford.

12. Plaintiff's physical address was listed on the Retail Installment Sale Contract Simple Finance Charge agreement with Short-Redmond Ford.

13. By way of its financing agreement with Ms. Wilson, Short-Redmond Ford assigned its rights and interest in the financing agreement to Defendant.

14. Shortly after taking possession of the Dodge Caravan, Plaintiff experienced numerous problems with it.

15. The Caravan ultimately required many fixes, including a new transmission.

16. Due to the cost of these fixes, Plaintiff fell behind on payments due Defendant.

17. Defendant then began to place calls to Plaintiff's cellular telephone number—(423) 907-XXXX—of which she is, and was at all times relevant to this action, the regular and sole user.

18. In all, Defendant placed a large number of calls—possibly hundreds—to Plaintiff's cellular telephone number.

19. Plaintiff answered many of Defendant's calls.

20. At times when Plaintiff answered Defendant's calls she would say "hello," but would hear only background noise that sounded like a call center.

21. At times when Plaintiff answered Defendant's calls she would receive an artificial or prerecorded voice message that stated something like: "This is Exeter, call us back at . . . ."

22. Defendant also delivered artificial or prerecorded voice messages to the voicemail box associated with Plaintiff's cellular telephone number.

23. On numerous occasions, Plaintiff spoke to a representative of Defendant and instructed Defendant to stop placing calls to her cellular telephone number.

24. Defendant, nonetheless, continued to place calls to Plaintiff's cellular telephone number.

25. Defendant placed at least some of its calls to Plaintiff's cellular telephone number from (800) 321-9637.

26. When dialed, (800) 321-9637 plays a messages that states: "Thank you for calling Exeter Finance . . . ."

27. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

28. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

29. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone number in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

30. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

31. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

32. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

33. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

34. Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

35. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system, or an artificial or prerecorded voice, to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

36. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as representative of the following class:

> All persons throughout the United States (1) to whom Exeter Finance LLC placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification, (5) after the called party requested that Exeter Finance LLC cease calling his or her cellular telephone number.

37. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

38. Upon information and belief, the members of the class are so numerous that joinder

of all of them is impracticable.

39. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

40. The members of the class are ascertainable because the class is defined by reference to objective criteria.

41. In addition, the members of the class are identifiable in that, upon information and belief, their telephone number, names, and addresses can be identified in business records maintained by Defendant and by third parties.

42. Plaintiff's claims are typical of the claims of the members of the class.

43. As it did for all members of the class, Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number.

44. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

45. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

46. Plaintiff suffered the same injuries as the members of the class.

47. Plaintiff will fairly and adequately protect the interests of the members of the class.

48. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

49. Plaintiff will vigorously pursue the claims of the members of the class.

50. Plaintiff has retained counsel experienced and competent in class action litigation.

51. Plaintiff's counsel will vigorously pursue this matter.

52. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

53. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

54. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to dialing cellular telephone numbers after being instructed not to do so;

   b. Defendant's violations of the TCPA;

   c. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

   d. Defendant use of an artificial or prerecorded voice; and

   e. The availability of statutory penalties.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

57. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

58. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

60. The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

61. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

62. There will be little difficulty in the management of this action as a class action.

63. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

64. Plaintiff repeats and re-allege each and every factual allegation contained in paragraphs 1-63.

65. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number without consent.

66. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number without consent.

67. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff pray for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representatives under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone number of members of the class;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the members of the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: July 10, 2019

*/s/ Shireen Hormozdi*
Shireen Hormozdi
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@norcrosslawfirm.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed class